IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ODI LUKE-SANCHEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING PETITION TO CORRECT PLAIN ERRORS<br><br><br><br>Case No. 2:05-CR-205 TS |

This matter is before the Court on Defendant's Petition to Correct Plain Errors Pursuant to Fed. R. Crim. P. 52(b). For the reasons discussed below, the Court finds that the Petition must be construed as a second or successive § 2255 petition over which the Court does not have jurisdiction. Therefore, the Court will dismiss the Petition.

I. BACKGROUND

On March 30, 2005, Defendant and others were charged in a three-count Indictment. Defendant proceeded to trial and, on March 3, 2006, was found guilty on all three counts. Defendant was sentenced to 295 months imprisonment to be followed by 60 months of supervised release.

1

Defendant sought direct appeal and his conviction was affirmed on April 17, 2007. Defendant later filed a motion under 28 U.S.C. § 2255, which was denied by the Court. Defendant subsequently filed a Rule 60(b) motion, which was also denied. Defendant appealed the denial of his 60(b) motion, which was dismissed by the Tenth Circuit Court of Appeals.

Defendant has since unsuccessfully sought authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2255 motion. Specifically, Defendant sought authorization to file a second or successive motion on four claims: (1) trial counsel was constitutionally ineffective in failing to inform him of a plea offer that would have resulted in a sentence substantially shorter than the one he received following trial; (2) the two-level sentencing enhancement he received for possession of a firearm in relation to a drug trafficking crime under U.S.S.G. § 2D1.1(b) involved double-counting; (3) the two-level sentencing enhancement he received for being an organizer, leader, manager, or supervisor under U.S.S.G. § 3B1.1(c) was not supported by the facts; and (4) the prosecuting attorney improperly vouched for a government witness during closing argument.[1]

Defendant now brings his Petition to Correct Plain Errors Pursuant to Fed. R. Crim. P. 52(b). In his Petition, Defendant raises three of the same issues addressed by the Tenth Circuit in its denial of Defendant's request for authorization to file a second or successive § 2255 motion. Specifically, Defendant argues that he received ineffective assistance of counsel and that the Court erred in applying certain enhancements under the sentencing guidelines.

---

[1] Case No. 2:08-CV-442 TS, Docket No. 20, at 2-3.

## II. DISCUSSION

Defendant brings his Petition pursuant to Fed. R. Crim. P. 52(b). That provision states: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." While Defendant claims plain error, a review of his Petition reveals that it "asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[2] Thus, it is proper to treat Defendant's Petition as a second or successive § 2255 motion.[3]

A prisoner may not file a second or successive § 2255 habeas claim unless he first obtains an order from the circuit court authorizing the district court to consider the claim.[4] In the absence of such authorization, a district court lacks jurisdiction to address the merits of the second or successive claim.[5]

Before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[6] The Tenth Circuit has provided several factors a court should consider in making this determination. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in

---

[2] *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

[3] *Id*.

[4] 8 U.S.C. §§ 2255(h) and 2244(b)(3)(A).

[5] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

[6] *See* 28 U.S.C. § 1631.

good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[7]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Petition. First, the claims raised by Defendant would be time barred. Second, the claims are not likely to have merit, as evidenced by the Tenth Circuit's denial of Defendant's request for authorization to bring the very same claims in a second or successive § 2255 motion. Third, because the Tenth Circuit has already denied authorization to bring these claims, the Court finds they were not brought in good faith. Therefore, the Court will dismiss Defendant's Petition for lack of jurisdiction.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Petition to Correct Plain Errors Pursuant to Fed. R. Crim. P. 52(b) (Docket No. 155) is DISMISSED FOR LACK OF JURISDICTION.

DATED   May 1, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *In re Cline*, 531 F.3d at 1251.